■ FRANCISCO FERNANDEZ et al., Appellants, v HENRIETTA BRANDER, Defendant and Third-Party Plaintiff-Respondent. PACO PAINTING INCORPORATED, Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County (Zelman, J.), entered September 3, 1980, which, *inter alia,* is in favor of defendant and against them, upon the trial court's dismissal of the complaint at the close of the evidence, at a jury trial. Judgment reversed, on the law, and new trial granted as to all parties and causes, with costs to abide the event. Francisco Fernandez (hereafter plaintiff) was injured when he fell from a ladder while attempting to paint the trim of a window on premises owned by defendant, Henrietta Brander. Plaintiff was an employee and shareholder of Paco Painting, Inc., which Mrs. Brander had hired to paint her house. At one point in his labor, plaintiff stretched out to reach the far upper portion of the window and partially leaned on an air-conditioning unit which had been installed in the window he was working on. The unit became loose and fell out of the window, causing plaintiff to lose his balance and fall from his ladder. Plaintiff, together with his wife who claims loss of consortium, commenced the instant action to recover for injuries sustained in the accident. Defendant then commenced a third-party action against Paco Painting, Inc. At the trial, plaintiffs introduced evidence to the effect that the air conditioner had been inadequately supported. Defendant admitted that she had watched the installation of the unit and had given

directions to the installers since she wanted it done in a certain manner. She was aware that the unit was not fastened to the sides of the frame, although plaintiffs' expert had earlier testified that the manufacturer had supplied holes on the top and sides for support brackets. At the close of defendant's case, the trial court dismissed both the original and third-party complaints, rather than submit the matter to the jury. Our review of the evidence adduced at the trial on behalf of plaintiffs, under the guidelines of *Basso v Miller* (40 NY2d 233), persuades us that applying a standard of reasonable care under the circumstances, plaintiffs did make out a prima facie case of negligence. The issue of negligence should have been left for determination by the jury (see *Darminio v Sposato,* 57 AD2d 883). We have not considered or passed upon plaintiff's argument, raised for the first time on appeal, that defendant was liable to plaintiff under section 240 of the Labor Law. Hopkins, J. P., Gibbons, Rabin and Cohalan, JJ., concur.