■ BARBARA SIEGEL et al., Respondents, v HOFSTRA UNIVERSITY, Respondent, et al., Defendants, and ARA SERVICES, INC., Appellant.—In an action to recover damages for personal injuries, etc., the defendant ARA Services, Inc. appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated February 25, 1988, which denied its motion for summary judgment dismissing the complaint and cross claims as against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the complaint and cross claims are dismissed as against the defendant ARA Services, Inc.

On October 6, 1981, the plaintiff Barbara Siegel, a student at Hofstra University (hereinafter Hofstra), was injured when a window in a campus cafeteria fell inward and struck her on her head. The plaintiffs sued Hofstra, which then brought a third-party action against Architectural Nu-Sash of N.J. and N.Y., Inc. (hereinafter Nu-Sash), Georgia Pacific Corp. (herein-

after GPC), Trans-World Maintenance Services, Inc. (hereinafter Trans-World), and ARA Services, Inc. (hereinafter ARA). The plaintiffs subsequently served a supplemental complaint naming all the other parties as defendants, essentially alleging that all were negligent in creating or failing to repair and warn about the dangerous condition.

ARA moved for summary judgment, arguing there was no evidence that it had created the dangerous condition, nor evidence that it controlled the windows and therefore owed the plaintiffs a duty of reasonable care to maintain and repair the windows. The plaintiffs and Hofstra responded that the deposition testimony by ARA's location manager that he personally had closed the subject window sometime prior to the accident raised issues of fact concerning ARA's control of the area and its negligence.

In a case involving similar issues and the defendant ARA, this court noted that: "To establish a prima facie case of negligence, the plaintiffs must demonstrate (1) that the defendants owed them a duty of reasonable care, (2) a breach of that duty, and (3) a resulting injury proximately caused by the breach (see, Boltax v Joy Day Camp, 67 NY2d 617; Solomon v City of New York, 66 NY2d 1026). An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition (Basso v Miller, 40 NY2d 233). The determinative factor is one of possession or control (McGill v Caldors, Inc., 135 AD2d 1041, 1043)" (Huth v Allied Maintenance Corp., 143 AD2d 634, 635).

In this case, ARA and Hofstra had a contract which provided that Hofstra would furnish all building maintenance services, make all equipment repairs, and clean the windows. ARA's location manager testified that ARA did not employ anyone to clean or repair the windows. Hofstra's maintenance department employee testified that Hofstra would make window repairs upon request. Trans-World's resident manager testified that Trans-World regularly inspected the windows and occasionally cleaned them.

The only evidence offered in support of the claim that ARA exercised control over the windows was the deposition testimony of ARA's location manager that at some time prior to the accident he had personally closed the window in question. That the witness may have closed the window does not establish such control as would beget a duty of reasonable care to the plaintiffs (see, McGill v Caldors, Inc., 135 AD2d 1041, supra). The record also clearly establishes that ARA never

voluntarily assumed any such duty *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522).

Further, the plaintiffs and Hofstra failed to offer any evidence whatsoever that ARA was negligent. They merely speculated that ARA's location manager was negligent by either improperly closing the window or by failing to notice and report an apparent defective condition. It is well established that "suspicion, surmise and accusation are not enough to defeat a motion for summary judgment" *(Pappalardo v Meisel,* 112 AD2d 277, 278). The party opposing summary judgment must lay bare his proof and present evidentiary facts sufficient to raise a genuine triable issue of fact *(Smith v Johnson Prods. Co.,* 95 AD2d 675). Because neither the plaintiffs nor Hofstra presented evidentiary facts sufficient to raise genuine triable issues of fact as to ARA's control of the windows or negligent conduct, ARA's motion for summary judgment should have been granted. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.