■ DAVID PETERS et al., Plaintiffs, v VEEMAC ELEVATOR COMPANY, INC., Defendant and Second Third-Party Plaintiff-Appellant, et al., Defendants, et al., Third-Party Plaintiffs. LADY LYNNE LINGERIE, INC., Third-Party Defendant and Second Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered January 8, 1992, which, insofar as appealed from, granted second third-party defendant-respondent's cross motion for summary judgment dismissing the second third-party complaint, and imposed costs and attorneys' fees as against second third-party plaintiff-appellant pursuant to 22 NYCRR 130-1.1, unanimously modified, on the law, the facts and in the exercise of discretion, to strike the award of attorneys' fees, and otherwise affirmed, without costs.

Third-party defendant Lady Lynne Lingerie is the tenant of the entire ninth floor of a 12-story building under a lease requiring defendant landlord to maintain the common areas of the building, including the elevators. Plaintiffs were injured when an elevator cable snapped causing the cab to fall several floors. Defendant and second third-party plaintiff, Veemac, the elevator company which was under contract with the other defendants to maintain and service the elevators, sought contribution from Lady Lynne on the theory that it failed to monitor the use of the elevator by its employees after allegedly becoming aware of constant overcrowding.

We agree with the IAS court that since Lady Lynne had no control over the common areas of the building, it had no duty to monitor the use of the elevators and could not have done so for the entire building, and that Veemac's theory of contribution is therefore without merit (see, Melodee Lane Lingerie Co. v American Dist. Tel. Co., 18 NY2d 57; Siegel v Hofstra Univ., 154 AD2d 449; Lieberman v Washington Sq. Hotel Corp., 40 AD2d 647). However, in the exercise of our discretion, we vacate the award of attorneys' fees. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.