■ BENJAMIN VAZQUEZ et al., Respondents, v CITY OF NEW YORK et al., Appellants. [596 NYS2d 115] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered September 5, 1990, which, upon a jury verdict, finding the defendants 60% at fault in the happening of the accident, is in favor of the plaintiff Benjamin Vazquez in the principal sum of $1,107,149.06, and in favor of the plaintiff Margarita Cruz in the principal sum of $45,326.25.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed.

This case concerns personal injuries to an infant, the plaintiff Benjamin Vazquez, then two and one-half years old, and

the derivative claims of his mother, the plaintiff Margarita Cruz, resulting from the infant's fall out of a second story window at Kings County Hospital (hereinafter the hospital).

On May 13, 1985, Margarita Cruz went to the hospital in order to have certain dental work performed at the adult dental clinic. Accompanying Cruz were three children, the infant plaintiff and his one and one-half year old brother, both seated in a double stroller, and an eleven-year-old cousin. Cruz testified that because the waiting area for the dental clinic was overcrowded, she and the children waited in a hallway opposite the clinic. In the hallway Cruz sat on a radiator in front of an open but screened window while awaiting treatment.

After waiting for a period of time, Cruz was called in to have X rays taken, and the infant plaintiff and his brother were left in the temporary care of their older cousin. After the X rays were taken Cruz returned to the area where the children were waiting and again sat down on the radiator in front of the window to await being called into the clinic for a second time. At one point the infant plaintiff began to cry and Cruz took him out of the stroller and placed him next to her on the hallway window ledge or on the radiator immediately flush to the window ledge. When her other son, Robert, began to cry, Cruz turned away from the infant plaintiff to tend to Robert. Upon turning back, she saw the infant plaintiff's feet flipping backward out of the window behind where he had been seated. The infant plaintiff fell about 10 to 15 feet to the concrete below, sustaining serious head injuries.

At trial, evidence was presented that the window screen was hinged at the top and was prevented from swinging outward by a pair of latches and eyehooks. There was no proof, or even any allegation, that the window in question had its latches missing or unsecured. In fact, the plaintiff-mother testified that the window screen appeared "tightly closed" and "safe" when she placed her son there. Nor was there any evidence that the hospital's staff was aware that children of the tender age of two and one-half years, such as the injured child here, had ever previously been placed on window sills or anywhere near the window. Indeed, considering that children were not allowed in the clinic except in the presence of adults, there was no reason to foresee that a parent would leave an infant on the window ledge unattended. Nevertheless, the jury found the defendants to be 60% liable for the injuries and assessed damages exceeding one million dollars. We now reverse.

It is well-settled that the owner or tenant of a building has

a duty to maintain the property in a reasonably safe condition *(see, Siegel v Hofstra Univ.,* 154 AD2d 449). If they do not, liability may be imposed for any foreseeable injuries arising from the unsafe or dangerous condition *(see, Addolorato v Safeguard Chem. Corp.,* 177 AD2d 680; *Rubsam v Alexander,* 177 AD2d 484). Here, the plaintiffs' theory of liability turns on the acceptance of their assertion that the window screen in question presented a dangerous condition of which the defendants were aware, and that their failure to remedy this condition foreseeably resulted in the accident. However, because the purpose of a window screen is not to prevent people from falling out the window, the window screen herein did not present a dangerous condition regardless of whether the latches were properly attached or functioning as intended. Because the screen did not represent a dangerous or unsafe condition per se, the accident at bar was not foreseeable and the defendants cannot be held liable therefor *(see, Addolorato v Safeguard Chem. Corp.,* 177 AD2d 680, *supra).*

We note that even assuming, *arguendo,* that an unlatched screen presented a dangerous condition, the plaintiffs adduced no proof that the defendants had either constructive or actual notice of this fact. Under such circumstances, and regardless of the condition itself, the defendants cannot be held liable for the accident, and the complaint must be dismissed *(see, Gordon v American Museum of Natural History,* 67 NY2d 836). Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.