■ JENNIFER MILLER, an Infant, by Her Parent and Natural Guardian, WENDY WYATT, Appellant, v EDWARD COYE et al., Respondents. [678 NYS2d 205] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants established, through the affidavit of an expert, their entitlement to judgment as a matter of law, and plaintiff failed to come forward with evidentiary facts establishing a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). The affidavit submitted by plaintiff's expert does not satisfy that burden. Plaintiff's expert opined that the "railing" in the interior screened porch from which plaintiff's infant daughter fell violated two sections of the New York State Building Code. The sections relied on by the expert, however, do not apply to interior porches and are otherwise inapposite. The expert also opined that defendants violated a reasonable standard of care by using staples to attach the screen to the window frame. The owner of a building is not liable where an infant falls through a screen, "because the purpose of a window screen is not to prevent people from falling out the window" (*Vazquez v City of New York,* 192 AD2d 522, 524, *lv denied* 82 NY2d 661). (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.