■ MAY I. BARRETT, Individually and as Parent and Guardian of HOLLY BARRETT, an Infant, Respondent, v DIANE LUSK et al., Appellants. [695 NYS2d 776] —Graffeo, J. Appeal from an order of the Supreme Court (Castellino, J.), entered December 17, 1998 in Chemung County, which denied defendants' motion for summary judgment dismissing the complaint.

In September 1996, Holly Barrett (hereinafter plaintiff), then

16 years old, sustained serious injuries when she fell from the second-story porch of rental premises owned by defendants. Although the screening which had enclosed the porch had been removed, the wooden window and/or screen framing remained affixed to the porch structure. Immediately prior to her accident, plaintiff was sitting on the sill of the parapet porch wall and as she attempted to stand up, she placed her hands over her head to grasp the frame to steady herself, when the segment of the frame she was holding fragmented. Losing her balance, she fell onto the driveway below. Plaintiff's mother commenced this action to recover damages for personal injuries sustained as a result of plaintiff's fall, alleging that the framing was defective and rotted and that defendants had knowledge of the dangerous condition. After issue was joined and discovery conducted, defendants moved for summary judgment dismissing the complaint on the basis that plaintiff's misuse of the frame as a "grab handle" was an unforeseeable and unintended purpose. Supreme Court denied defendants' motion, resulting in this appeal.

A landowner is not obligated to guard against an obvious danger created by misuse of property which is not otherwise defective (*see, Kurshals v Connetquot Cent. School Dist.*, 227 AD2d 593 [attempt to walk on skylight]; *Jackson v Supermarkets Gen. Corp.*, 214 AD2d 650 [attempt to use display case as step stool]). In a similar vein, courts have recognized that a window screen is not designed to prevent individuals from falling out of a window (*see, e.g., Miller v Coye*, 254 AD2d 800, *lv denied* 92 NY2d 818; *Vazquez v City of New York*, 192 AD2d 522, *lv denied* 82 NY2d 661). Here, however, there is undisputed evidence that the wooden structure was deteriorated and that the owners of the premises were aware of its condition. At her deposition, one of the owners of the two-family residence acknowledged that she had attempted to sand the porch frames in the spring of 1996 but the chore was so difficult that she and her husband decided they would build new replacement frames. The new frames were not installed prior to plaintiff's accident. Plaintiff further submitted affidavits from four firefighters who responded to the emergency call, all of whom observed pieces of wood lying on the driveway near plaintiff and attested to the rotten condition of the wood. In light of the undisputed evidence in the record as to the deteriorated condition of the wood framing of which defendant was aware, Supreme Court properly denied defendants' motion as questions of fact existed regarding the foreseeability of plaintiff's actions, defendants' negligence and plaintiff's comparative fault (*see, Muraco v Fasbach*, 11 NY2d 858, 858-859; *cf., Fernandez v Brander*, 84 AD2d 546).

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.