■ Rosney J. Hendricks, Appellant, v Lee's Family, Inc., et al., Respondents. [754 NYS2d 454] —Carpinello, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered May 14, 2002 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

On September 15, 1999, plaintiff sustained serious physical injuries after falling from a retaining wall near the loading dock at the rear of Ziggy's Sports Bar & Barbecue. The loading dock area is separated from the bar's parking lot by a grassy slope containing several bushes and trees. On the night in question, plaintiff was leaving Ziggy's when she decided to urinate behind the bushes. After plaintiff proceeded through the vegetation, one of her companions heard a loud crash and thereafter found plaintiff at the bottom of the loading dock. Seeking damages for her injuries, plaintiff commenced this action against the lessee of the building and the owner of the premises, alleging, inter alia, negligence based on premises liability. Upon defendants' motions for summary judgment, Supreme Court found, inter alia, that plaintiff's presence in the area was not reasonably foreseeable and, therefore, dismissed plaintiff's first and second causes of action alleging premises liability. As plaintiff did not contest the dismissal of the third cause of action and she failed to offer evidentiary proof in opposition to the fourth cause of action, the court dismissed those claims as well. Plaintiff appeals.

It is well settled that property owners and occupiers owe a duty of reasonable care under the circumstances to keep their premises safe (*see Basso v Miller*, 40 NY2d 233, 240-241; *Malley v Alice Hyde Hosp. Assn.*, 297 AD2d 425, 425). The scope of that duty is defined by "the foreseeability of the possible harm" (*Tagle v Jakob*, 97 NY2d 165, 168), an issue which can be resolved by the court "when but a single inference can be drawn from undisputed facts" (*Hessner v Laporte*, 171 AD2d 999, 999). Here, Supreme Court correctly granted defendants' motions for summary judgment. It simply was not forseeable that plaintiff, in a highly intoxicated state,* would leave the parking area to urinate behind the bushes rather than use the establishment's indoor facilities (*see Baczkowski v Zurn*, 235 AD2d 894, 895). Plaintiff does not set forth evidence that she was precluded from using the bar's restrooms.

Furthermore, it has been held that "the likelihood of the injured party's presence in light of the frequency of the use of the area determines the question[ ] of forseeability" (*id.* at 895;

---

* Plaintiff's blood alcohol content upon admission to the hospital was .416.

*see Basso v Miller, supra* at 241). Testimony by representatives of defendants establishes that the grassy area was meant to be decorative and not intended to be used by the bar's patrons as a thoroughfare. In addition, the owner testified that no similar accidents had occurred on this property in over 25 years.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.