■ SANDRA L. KARAC et al., Appellants, v CITY OF ELMIRA et al., Respondents. [788 NYS2d 456]—

Peters, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered October 10, 2003 in Chemung County, which granted defendants' motion for summary judgment dismissing the complaint.

On the morning of February 8, 2001, plaintiff Sandra L. Karac arrived at the parking garage in the City of Elmira, Chemung County, where she customarily parked for work. She exited her car, began to walk across an uncovered roof-level parking area and then slipped and fell on an icy patch. Due to her injuries, she and her husband, derivatively, commenced this action against defendant City of Elmira, as the owner of the parking garage, and defendant Allright Parking Buffalo, Inc., as its operator and manager under contract with the City. Defendants moved for summary judgment based upon plaintiffs' failure to give prior written notice pursuant to Elmira City Code § 241. Supreme Court granted that motion and plaintiffs appeal only that portion of the order which granted summary judgment to Allright.

Plaintiffs contend that Elmira City Code § 241, which conditions the City's liability on its receipt of prior written notice, cannot protect Allright from liability since it is a private entity, contractually obligated to provide services for the City. We agree. "Prior written notice provisions, enacted in derogation of common law, are always strictly construed" (*Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995] [citation omitted]; *see Hughes v Jahoda*, 75 NY2d 881, 882 [1990]; *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 366 [1966]). According to the plain language of the statute, the protection afforded was intended solely for the City. Like similar local laws, it was designed to protect municipalities from the obvious impracticality of finding and repairing every dangerous condition within its jurisdiction of which it was unaware (*see Amabile v City of Buffalo*, 93 NY2d 471, 473-474 [1999]; *Poirier v City of Schenectady, supra* at 314; *Hughes v Jahoda, supra* at 883). For this reason, public policy concerns do not support its extension to private entities which are contractually obligated to provide services to a municipality.

We next address whether Allright can be found to owe a duty of care to plaintiffs. Ordinarily, contractual obligations will not create a duty towards a third party unless the plaintiff has reasonably relied, to his or her detriment, on the continued performance of the contacting party's duties under the contract (*see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]), the contract is so comprehensive and exclusive that it completely displaces the other contracting party's duty toward the third party (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 587-589 [1994]) or the contracting party has "launched a force or instrument of harm" (*H.R. Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]), thereby "creat[ing] or exacerbat[ing] a dangerous condition" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]; *see Hopps v Pengate Handling Sys. of N.Y.*, 307 AD2d 665, 666 [2003]).

Here, the contract between the City and Allright provides that Allright receive an annual fee for its maintenance and operation of the garage, as well as reimbursement for all payroll, insurance and other related expenses; the City receives all revenue. Insurance is procured by Allright as the insured party and the City is named as an additional insured. Allright selects and hires all of its employees, including a parking garage supervisor who is responsible for the day-to-day operation and training of employees. This supervision continues through the regular reports that Allright is required to provide to the City.

While we recently found that an agreement between an owner and independent contractor for general maintenance, which included snow and ice removal, was not comprehensive so as to impose an exclusive duty upon the independent contractor (*Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 674 [2004]), Allright is not merely an independent contractor performing maintenance work on the premises. Rather, it is contractually obligated to assume the day-to-day operation of the garage, which includes coordinating and supervising staff, accounting for revenues and being responsible for the physical, mechanical and electrical maintenance of the premises. Since Allright's comprehensive contractual undertaking with the City "plainly affect[s] the safety of all users of the premises who are entitled to rely on the nonnegligent maintenance services and repair responsibilities imposed by the contract" (*Palka v Servicemaster Mgt. Servs. Corp., supra* at 586; *compare Hopps v Pengate Handling Sys. of N.Y., supra* at 666), we find that there is an extension of a duty of reasonable care to Karac, even as a third party.

Finding such duty, we must next determine whether an issue

of fact was raised regarding a breach of that duty. In opposition to defendants' proffer, plaintiffs submitted Karac's deposition testimony, as well as that of Allright's employees. Through such testimony and the further submission of Allright's maintenance log from the morning of the accident, customary de-icing procedures as well as the specific measures taken on the morning of Karac's fall were fully detailed (*see Espinal v Melville Snow Contrs., supra* at 142). Under the circumstances, and in light of Allright's contractual obligations, we find that a question of fact was raised as to whether Allright did foresee " 'or ought to [have] foresee[n] the likelihood of physical harm to third persons as a result of reasonable reliance by the owner on [it] to discover or repair dangerous conditions' " (*Palka v Servicemaster Mgt. Servs. Corp., supra* at 589, quoting Prosser and Keeton, Torts § 93, at 670 [5th ed]). For all of these reasons, summary judgment was improperly awarded to Allright.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendants' motion dismissing the complaint against defendant Allright Parking Buffalo, Inc.; motion denied to that extent; and, as so modified, affirmed.