Spain, J.
Appeal from an order of the Supreme Court (Reilly Jr., J.), entered February 1, 2012 in Schenectady County, which, among other things, granted defendants’ motion for summary judgment dismissing the complaint.
Plaintiff commenced this action against defendants, alleging that their negligence caused a defective road condition in the City of Schenectady, Schenectady County that caused her to fall and sustain injuries. Defendants impleaded third-party defendant, the paving subcontractor for a utility contractor that had replaced a gas line in the street, alleging that it was ultimately responsible for any judgment awarded to plaintiff for her accident. Defendants and third-party defendant each successfully moved for summary judgment. On plaintiffs appeal, we now affirm.
Where, as here, a municipality has adopted a prior written notice law, it cannot be held liable for injuries sustained due to a defective condition in a public road unless the plaintiff is able to demonstrate that either the requisite prior written notice of the defect was provided, the municipality affirmatively created the condition through an act of negligence or a special use resulted in a special benefit to the municipality (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Plaintiff does not contest the lack of prior written notice or argue any special use, but proceeds on the same theory of liability against all defendants, arguing that they performed an affirmative negligent act resulting in the creation of the defective condition (see Karac v City of Elmira, 14 AD3d 842, 843-844 [2005]; Brooks v Village of Horseheads, 14 AD3d 756, 757 [2005]).
Specifically, plaintiff claims that she was injured on December 2, 2006 when she stepped off a curb into a depression in the pavement of Van Vranken Avenue, causing her to fall. She asserts that defendant City of Schenectady, by and through the acts of its contractors and subcontractors—defendants Niagara Mohawk and National Grid and third-party defendant—caused the alleged depression in the pavement when they replaced the gas line in August 2004. However, in support of their motions, defendants and third-party defendant presented unrefuted evidence that the work was not performed at the location where plaintiff fell. Plaintiff testified and continues to maintain that the depression into which she fell was located approximately six inches from the curb, while a representative of third-party defendant provided uncontested testimony and a sworn statement *1063 that the work was performed along a stretch of the street located four feet from the curb. Further, plaintiff submitted no evidence to support her theory that the work may have caused defects to arise elsewhere on the road surface, particularly the depression into which she fell two years after the work was completed. Accordingly, plaintiff did not satisfy her burden of establishing a triable issue of fact concerning whether defendants created the alleged defect, and summary judgment dismissing the complaint and the third-party complaint was appropriate (see Hubbard v County of Madison, 93 AD3d 939, 942 [2012], lv denied 19 NY3d 805 [2012]; Babenzien v Town of Fenton, 67 AD3d 1236, 1238 [2009]).
Mercure, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.