Thomas v Albany Hous. Auth. (2023 NY Slip Op 02815)

Thomas v Albany Hous. Auth.

2023 NY Slip Op 02815

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

535033
[*1]Kayla M. Thomas et al., Appellants,
v
Albany Housing Authority, Respondent.

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

The Altman Law Firm, Albany (Frederick M. Altman of counsel), for appellants.
Liguori & Houston, PLLC, Albany (Mark T. Houston of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Susan M. Kushner, J.), entered March 1, 2022 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.
In March 2018, plaintiff Kayla M. Thomas slipped and fell out of a window in her apartment located in Townsend Park Homes and fell five stories, sustaining serious injuries. Defendant is the owner/landlord of Townsend Park Homes. Thereafter, Thomas and her spouse commenced this negligence action alleging that the fall was caused by a dangerous condition, namely a missing window screen in plaintiffs' apartment, of which defendant had notice. After issue was joined and discovery was completed, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion. Plaintiffs appeal. We affirm.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (McEleney v Riverview Assets, LLC, 201 AD3d 1159, 1160 [3d Dept 2022] [internal quotation marks and citations omitted]). "If the movant makes such a showing, thereby satisfying this burden, the burden then shifts to the nonmovant to demonstrate that a triable issue of fact exists. Upon such a motion, the facts must be viewed in a light most favorable to the nonmoving party" (Vickers v Parcells, 198 AD3d 1160, 1161 [3d Dept 2021] [internal quotation marks and citations omitted]). Initially, we note that although defendant is a municipal entity, here, as an owner/landlord, it is acting in a proprietary fashion (see Drever v State of New York, 134 AD3d 19, 22 [3d Dept 2015]), and as such is "subject to suit under ordinary negligence principles applicable to nongovernmental actors" (T.T. v State of New York, 151 AD3d 1345, 1346 [3d Dept 2017]).
It is well settled that a property owner has a duty to maintain its property in a reasonably safe condition (see Greblewski v Strong Health MCO, LLC, 161 AD3d 1336, 1336 [3d Dept 2018]; Hendricks v Lee's Family, 301 AD2d 1013, 1013 [3d Dept 2003]), and, further, that "liability may be imposed for any foreseeable injuries arising from [an] unsafe or dangerous condition" (Vazquez v City of New York, 192 AD2d 522, 524 [2d Dept 1993], lv denied 82 NY2d 661 [1993]). However, "[a] landowner is not obligated to guard against an obvious danger created by misuse of property which is not otherwise defective" (Barrett v Lusk, 265 AD2d 654, 655 [3d Dept 1999]). As relevant here, "the purpose of a window screen is not to prevent people from falling out [of] the window" (Vazquez v City of New York, 192 AD2d at 524; see Barrett v Lusk, 265 AD2d at 655).
Plaintiffs contend that Supreme Court erred in granting defendant's motion for summary judgment. In support of its motion, defendant submitted, among other items, Thomas's General Municipal Law § 50-h transcript, plaintiffs' deposition transcripts, defendant's employee's [*2]transcript and an expert witness's affidavit. As relevant here, the affidavit of its expert — a New York certified code enforcement official, building inspector and a plans examiner with 32 years of experience — averred that the purpose of a window screen is to prevent insect infestations. He stated that neither the Code of City of Albany [FN1] nor the New York State Property Maintenance Code [FN2] require that a screen be in place during the month of March. He further opined, within a reasonable degree of professional certainty, that there was no defect to the window itself, that it was in conformance with building and property codes, that it operated in a reasonably safe fashion and that it did not pose a risk to any adult or child. We find defendant's proof was sufficient to meet its burden of establishing a prima facie entitlement to summary judgment (see Hendricks v Lee's Family, 301 AD2d at 1013; Miller v Coye, 254 AD2d 800, 800 [4th Dept 1998], lv denied 92 NY2d 818 [1998]).
In an attempt to raise an issue of fact in response, plaintiffs argue that the absence of the screen in the window created a dangerous condition of which defendants had notice and which was the cause of Thomas's fall. In making this argument, plaintiffs rely on this Court's decision in Barrett v Lusk (265 AD2d at 655). We find such reliance unpersuasive. In Barrett, this Court, in affirming denial of the defendant's motion for summary judgment, actually reiterated the long-held finding that "a window screen is not designed to prevent individuals from falling out of a window," but found that there was "undisputed evidence that the [window frame]was deteriorated" (id.). Crucially, it was this latter finding that raised an issue of fact regarding the existence of a dangerous condition. Here, in contrast to Barrett, while it is undisputed that defendant was aware that the screen had been removed and needed to be replaced, there is uncontroverted proof, including testimony by plaintiffs themselves, that the window was in good working condition. Because the purpose of a screen is not to prevent a person from falling out of a window, its absence, even when defendant has notice of same, is not a dangerous or unsafe condition per se. As such, Supreme Court properly granted defendant's motion (see Hendricks v Lee's Family, 301 AD2d at 1013; Miller v Coye, 254 AD2d at 800). To the extent not specifically addressed herein, we have examined plaintiffs' remaining contentions and find them to be unavailing.
Garry, P.J., Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The Code of City of Albany provides that "[f]rom May 1 to November 1, entrance to residential buildings shall be provided with self-closing-type devices, or screens and windows or other openings used for ventilation shall be appropriately screened" (Code of City of Albany article VI, § 231-93 (C) https://ecode360.com/
7683230 [last accessed Mar. 27, 2023]).

Footnote 2: The 2015 Property Maintenance Code of New York State provides that "[d]uring the period from May 15 to September 15, every door, window and other outside opening required for ventilation of habitable rooms . . . shall be supplied with approved tightly fitting screens" (2015 Property Maintenance Code of NY St § 304.14 https://up.codes/
viewer/new_york/ipmc-2015/chapter/3/general-requirements#3 [last accessed Mar. 27, 2023]; see 19 NYCRR 1226.2).