Butler v Vestal Parkway Plaza, LLC (2025 NY Slip Op 03678)

Butler v Vestal Parkway Plaza, LLC

2025 NY Slip Op 03678

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-0934
[*1]Debra Butler, Respondent,
v
Vestal Parkway Plaza, LLC, et al., Defendants, and US Maintenance, Inc., et al., Appellants.

Calendar Date:April 21, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ.

Mark D. Goris, Cazenovia, for appellants.
Greene Reid & Pomeroy, PLLC, Syracuse (W. Robert Taylor of counsel), for respondent.

Mackey, J.
Appeal from an order of the Supreme Court (Joseph McBride, J.), entered May 7, 2024 in Broome County, which, among other things, denied certain defendants' motion for summary judgment dismissing the complaint against them.
On a morning in January 2018, plaintiff sustained injuries when she slipped and fell on an icy sidewalk outside her place of employment, Citizens Bank's Vestal Parkway branch located in the Town of Vestal, Broome County (hereinafter the property). Defendant US Maintenance Inc. and its parent company, defendant Emcor Group, Inc. (hereinafter collectively referred to as USM), contracted with Citizens Bank to provide snow removal services at the branch where plaintiff was employed. USM then subcontracted with defendant James Gresham, doing business as J.G. Maintenance Construction Services, for the snow removal services.
Plaintiff subsequently commenced this action against USM and Gresham (hereinafter collectively referred to as the maintenance defendants), among others, alleging that they were careless, reckless and/or negligent in maintaining the property, and that they caused or contributed to the underlying hazardous condition, resulting in plaintiff's slip and fall and related injuries. The maintenance defendants answered, denying any notice of the hazardous condition, that they owed a duty to plaintiff or that they breached any alleged duty owed. Following discovery, the maintenance defendants moved for summary judgment, arguing that they neither owed nor breached any duty to plaintiff. Supreme Court denied the motion, finding that a question of fact remained as to whether the maintenance defendants induced Citizens Bank to detrimentally rely upon them to discover and fix hazards such as the one at issue here, or whether they should have foreseen the likelihood of injury to plaintiff based upon such reliance.[FN1] The maintenance defendants appeal.
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Vogle v North Country Prop. Mgt., LLC, 170 AD3d 1491, 1492 [3d Dept 2019] [internal quotation marks and citations omitted]). "[T]he existence and scope of that duty [is] a legal question for the courts to determine by analyzing the relationship of the parties, whether the plaintiff was within the zone of foreseeable harm, and whether the accident was within the reasonably foreseeable risks" (Herling v Callicoon Resort Lodges, Inc., 214 AD3d 1192, 1193 [3d Dept 2023] [internal quotation marks, brackets, ellipsis and citation omitted]). "Generally, a contract to provide snow or ice removal services will not give rise to tort liability in favor of a nonparty to that contract" (Jubie v Emerson Mgt. Enters., LLC, 189 AD3d 2030, 2030 [3d Dept 2020] [citation omitted]; see Belmonte v Guilderland Assoc., LLC, 112 AD3d 1128, 1129 [3d Dept 2013]). Nevertheless, as is pertinent here, a snow removal contractor "may [*2]be said to have assumed a duty of care — and thus be potentially liable in tort — to third persons . . . where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[; or . . . ] where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; accord Vogle v North Country Prop. Mgt., LLC, 170 AD3d at 1492).
In support of summary judgment, the maintenance defendants submitted, among other things, the deposition testimony of plaintiff, her coworker and Gresham, property maintenance records, weather reports and underlying contractual agreements. Plaintiff testified that the weather when she fell was clear. Weather reports confirmed that there was no measurable precipitation at the time of her fall, although there had been minimal precipitation and below-freezing temperatures in the preceding days. Plaintiff did not recall observing icy conditions on the sidewalk prior to her fall but noticed clear ice in the area where she fell after the accident occurred. She acknowledged that water would frequently pool in the area where she slipped — apparently dripping off the roof above the entryway — and that employees where she worked would sometimes salt the sidewalk in front of the entrance but were not obligated to do so. Plaintiff's coworker similarly testified that employees would occasionally put down salt in the area where plaintiff fell, but that the branch manager would call in for plowing or deicing services as needed. Gresham in turn confirmed through his own testimony that J.G. Maintenance subcontracted with USM to provide snow and ice removal services on the property, to be performed to Citizens Bank's satisfaction, on a continuous basis.
The contract between USM and Citizens Bank placed the responsibility for snow and ice removal upon USM, and specifically provided that "any . . . ice that accumulates during non-business hours is expected to be . . . removed prior to 7:30 a.m. following such accumulation . . . such that the Site shall be ready for the arrival of the staff and customers at such time."[FN2] USM's subcontract with J.G. Maintenance, in turn, provided that the latter was "solely" responsible for said services, which included the clearing of "all surface areas of accumulation of snow, ice, or slush" and "monitor[ing the property to] determine when ice control operations need to commence." To this end, Gresham explained that he was aware that water would drip from above the bank's entrance, resulting in ice on the immediately adjacent sidewalk, which he "usually took care of [him]self." According to Gresham, his records reflect that, during the relevant time period, he last performed snowplowing and salting service on the property three days prior to plaintiff's fall.
Viewing the foregoing in the light most favorable to plaintiff (see Carpenter v Nigro Cos., Inc., 203 AD3d 1419, 1420-1421 [3d Dept [*3]2022]), we agree with Supreme Court that the maintenance defendants' own submissions raise a question of fact as to whether they breached a duty owed to plaintiff. Specifically, there is a question of fact as to whether plaintiff detrimentally relied upon the maintenance defendants' contractual commitment to keep the sidewalk clear of ice, as well as to whether their contractual agreements related to the removal of snow and ice at the property were so comprehensive and exclusive as to entirely displace Citizens Bank's obligations to safely maintain the premises (see Espinal v Melville Snow Contrs., 98 NY2d at 140; Karac v City of Elmira, 14 AD3d 842, 844 [3d Dept 2005]; compare York v Thompson Sta. Inc., 172 AD3d 1593, 1597 [3d Dept 2019]; Hutchings v Garrison Lifestyle Pierce Hill, LLC, 157 AD3d 1034, 1035-1036 [3d Dept 2018]; Kearsey v Vestal Park, LLC, 71 AD3d 1363, 1365-1366 [3d Dept 2010]).[FN3] That plaintiff's coworkers occasionally addressed snow or ice accumulation in the area of her fall does not necessitate a different result, as they were under no obligation to do so and the maintenance defendants' submissions indicate that they were nevertheless expected to perform snow and ice removal services as necessary. Accordingly, as the maintenance defendants failed to demonstrate their entitlement to judgment as a matter of law, their motion for summary judgment was properly denied (see generally Thomas v Albany Hous. Auth., 216 AD3d 1381, 1381 [3d Dept 2023]).
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Supreme Court granted the motion for summary judgment as to defendant Vestal Parkway Plaza, LLC, which owns the land where the property is located, and the related management defendants, dismissing the complaint against them. That is not at issue on this appeal.

Footnote 2: Plaintiff's accident occurred at approximately 8:25 a.m.

Footnote 3: Supreme Court found that the maintenance defendants established that they did not create the underlying hazardous condition by act or omission, and that plaintiff failed to raise a triable issue of fact in this regard (see generally Espinal v Melville Snow Contrs., 98 NY2d at 140).