■ AMICA MUTUAL INSURANCE COMPANY, as Subrogee of RUTH E. BENOIT, Appellant, v TOWN OF VESTAL et al., Respondents. [594 NYS2d 918] —Mercure, J. Appeal from an order of the Supreme Court (Rose, J.), entered October 25, 1991 in Broome County, which granted defendants' motions for summary judgment dismissing the complaint.

As the result of an unfortunate sequence of events, the home of plaintiff's insured was completely destroyed by a natural gas explosion. During a storm on June 26, 1987, overhead high-voltage power lines, which were owned and maintained by defendant New York State Electric & Gas Company (hereinafter NYSEG), were severed and fell onto a speed limit sign which had been erected by defendant Town of Vestal in Broome County. Electric current was conducted through the sign's pole into the ground where it arced or passed by contact to a natural gas main, which was owned by defendant Columbia Gas of New York, Inc., and burned three holes in the gas main. Natural gas then escaped through the holes, permeated through the ground and, eventually, after collecting in the home of plaintiff's insured, exploded and destroyed the home.

Plaintiff paid its insured's damages pursuant to their insurance contract and then, as subrogee, commenced this negligence action. Plaintiff alleged that NYSEG was negligent in failing to properly trim branches near the power lines, that the Town was negligent in placing and erecting the sign between 1970 and 1972 without regard for the existing underground gas line installed by Columbia in 1956, and that Columbia was negligent in failing to mark the location of the

line, to use pipe strong enough to resist penetration and to discover holes in the gas line. After extensive discovery was conducted, defendants each moved for summary judgment dismissing the complaint and cross claims. In a cogent decision, Supreme Court found, among other things, that the type of harm inflicted on plaintiff's insured was not foreseeable and therefore there was no duty owed to plaintiff's insured to avoid inflicting this harm. An order was entered granting the motions and dismissing the complaint. Plaintiff appeals.

There should be an affirmance. Assuming the existence of some duty on the part of defendants that extended to adjoining landowners such as plaintiff's insured, it is settled that foreseeability is a limit on that duty (*Pulka v Edelman,* 40 NY2d 781, 786). The question is whether, at the time when the act or omission occurred, each defendant's conduct was reasonable in the light of what it could anticipate (*see, Danielenko v Kinney Rent A Car,* 57 NY2d 198, 204; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468, 471). "Whether hindsight reveals that greater precautions could have been taken to avoid the harm that eventuated is irrelevant if the injury could not reasonably have been foreseen at the moment the defendant engaged in the activity which later proves harmful" (*Danielenko v Kinney Rent A Car, supra,* at 204). We agree with Supreme Court that the only inference to be drawn from the undisputed facts is that the explosion of the house of plaintiff's insured was not foreseeable to defendants and, thus, summary judgment was properly granted (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315-316; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 345). Simply put, it was unforeseeable to these defendants that fallen electric wires would come into contact with a speed limit sign, causing the electricity to flow through the sign to its base, that the electricity from the base of the sign would arc or pass by contact into the steel gas main with a protective coal tar coating, that gas would seep through the ground some 50 feet to a building that had no gas connection and that a fire would coincidentally be started, causing the building to explode (*see, Mack v Altmans Stage Light. Co., supra; Monacelli v Armstrong,* 64 AD2d 428, 435, *affd* 49 NY2d 971; *see also, Wells v Finnegan,* 177 AD2d 893, 894). Because the type of harm inflicted on plaintiff's insured was not foreseeable, no duty to avoid inflicting this harm was owed to plaintiff's insured.

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.