■ CONNIE M. PERRELLI et al., Respondents, v JOSEPH E. ORLOW et al., Appellants. [708 NYS2d 742] —Rose, J. Appeal from an order of the Supreme Court (Dier, J.), entered March 24, 1999 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

On January 20, 1997, in response to a request for delivery of a newspaper on behalf of her employer, plaintiff Connie M. Perrelli (hereinafter plaintiff) arrived at defendants' residence in the Village of South Glens Falls, Saratoga County. Allegedly because she could observe no other viable route from her position in front of the house, plaintiff crossed the snow-covered front lawn by means of an icy path of footprints in the snow in order to carry out her instructions to deliver the newspaper to a side porch of the residence. After delivering the newspaper and while retracing her steps across the lawn, she slipped and fell.

As a result of her injuries, plaintiff and her husband derivatively commenced this action alleging negligence for defendants' failure to properly maintain their premises or warn the public of a dangerous condition. After completion of the parties' examinations before trial, defendants moved for summary judgment dismissing the complaint for plaintiffs' failure to establish a prima facie case of negligence. Specifically, alleging that plaintiff failed to avail herself of a cleared walkway connecting the side porch to a cleared driveway, defendants contended that they owed no duty to clear the area where she

fell and that the condition of their premises was the occasion for, but not a proximate cause of, her fall. Finding questions of fact concerning the accessibility of defendants' residence, Supreme Court denied the motion. Defendants appeal.

As landowners, defendants owed a duty to exercise reasonable care in maintaining their property in a safe condition under all the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk and the foreseeability of a potential plaintiff's presence on the property (see, Basso v Miller, 40 NY2d 233, 241). Most relevant here, "[t]he scope of this duty is measured in terms of foreseeability" (Pizzola v State of New York, 130 AD2d 796; see, Danielenko v Kinney Rent A Car, 57 NY2d 198, 204). Notably, "[w]hat accidents are reasonably foreseeable, and what preventive measure should reasonably be taken, are ordinarily questions of fact" (Diven v Village of Hastings-On-Hudson, 156 AD2d 538, 539). Questions of foreseeability may be determined as a matter of law only when a single inference can be drawn from the undisputed facts (see, Hessner v Laporte, 171 AD2d 999).

We initially reject defendants' assertion for the first time on appeal that they did not have actual or constructive notice of the condition that caused plaintiff's fall. Defendants did not assert a lack of notice in their motion to dismiss, and plaintiffs had no cause to address it. Even now defendants cite no evidence in the record to establish an absence of notice. Instead, they use the issue of notice to reiterate their separate contention that it was not foreseeable that plaintiff would use an uncleared trail of footprints across their lawn to approach their residence.

Each of the other grounds alleged by defendants for reversal of Supreme Court's determination also presume that plaintiff's choice to use an uncleared path was unreasonable and unforeseeable. Defendants contend that their maintenance of a safe and clear walkway to their side porch met their duty of care, for plaintiff would have been afforded safe ingress and egress if she had used it. Similarly, their argument that plaintiff's decision to walk across the trodden snow was the sole proximate cause of her injuries assumes that this was not a normal or foreseeable consequence of the situation created by defendants' alleged negligence (see, Boltax v Joy Day Camp, 67 NY2d 617, 619).

We agree with Supreme Court that plaintiff's use of the uncleared path was not so improbable that the issue of foreseeability can be determined as a matter of law (see, Bracci v

*Roberts*, 217 AD2d 897; *cf., Baczkowski v Zurn*, 235 AD2d 894). Here, plaintiff avers, and defendants do not deny, that no cleared walkway was visible from her position in front of defendants' residence, that the path she took to cross the lawn showed evidence of prior use and that she was delivering a newspaper to the side porch of defendants' residence at their express request. Since defendants also operated a business at their residence, plaintiff's assertions are sufficient to raise a material issue of fact as to whether defendants had reason to expect that a person would cross their snow-covered lawn in order to get to their side porch (*see, Da Biere v Craig*, 268 AD2d 875, 876).

Cardona, P. J., Mercure, Graffeo and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.