■ ANNE M. MALLEY, Respondent, v ALICE HYDE HOSPITAL ASSOCIATION, Appellant. [746 NYS2d 102] —Cardona, P.J.

Plaintiff commenced this action seeking to recover damages for injuries she sustained when, at approximately 11:00 A.M. on the morning of February 10, 1999, she slipped and fell while walking from the parking lot across a snow-covered lawn to the entrance of a nursing home operated by defendant. According to plaintiff, after she and a companion observed ice on the nearby sidewalk, they decided it was safer to follow the path of footprints in the snow across the lawn. Plaintiff fell after walking more than half the distance to the entranceway. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion prompting this appeal.

Landowners such as defendant owe "a duty to exercise reasonable care in maintaining their property in a safe condition under all the circumstances, including the likelihood of injury to others * * * and the foreseeability of a potential plaintiff's presence on the property" (*Perrelli v Orlow*, 273 AD2d 533, 534). Notably, issues such as foreseeability and the sufficiency of preventative measures are generally questions of fact, except in the situation where only "a single inference can be drawn from the undisputed facts" (*id.* at 534).

Here, defendant argues that the proof established that it maintained a paved public walkway to the entrance and, therefore, "it had no duty to clear snow and ice from an unpaved area that was not intended to be a public walkway" (*Rosenbloom v City of New York*, 254 AD2d 474, 475, *lv denied* 93 NY2d 803). We find, however, that evidence submitted to the effect that the sidewalk was icy at the time of the incident indicates that it may not have been suitable for pedestrian traffic (*cf.*, *id.*). Specifically, while Gerald Proper, defendant's assistant director of maintenance, presented photographs of

the subject sidewalk taken approximately 40 to 55 minutes after the accident, which he claims shows that the sidewalks were clear and "had recently been salted," defendant's maintenance logs indicate that the sidewalks had last been salted at approximately 5:00 A.M. that day, some six hours before plaintiff fell. Therefore, Supreme Court properly denied defendant's motion for summary judgment.

Defendant's remaining arguments have been examined and found to be unpersuasive.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.