■ RICHARD DAVIDSON et al., Plaintiffs, v MIELE SANITATION Co., NY, INC., Defendant, and CLARKSTOWN RECYCLING CENTER, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. TOWN OF CLARKSTOWN, Third-Party Defendant-Appellant-Respondent. [812 NYS2d 650]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated April 12, 2005, as denied its motion for summary judgment dismissing the third-party complaint, and the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment on the issue of liability on its cause of action for contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, the third-party defendant's motion for summary judgment dismissing the third-party complaint is granted, and the third-party complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant.

The plaintiff Richard Davidson (hereinafter the plaintiff) allegedly sustained personal injuries while employed at a transfer station operated by the defendant third-party plaintiff Clarkstown Recycling Center, Inc. (hereinafter Clarkstown), as he was assisting the driver of a truck owned by the third-party defendant, Town of Clarkstown, to back into one of the truck bays. The bays were separated by vertical support columns protected by guardrail barriers and each bay was identified by a small aluminum sign attached to the crossbar. While backing into Bay "1," the driver hooked his truck fender on the crossbar, thereby wedging one of the tires against it. The plaintiff directed the driver to turn the steering wheel and drive the truck forward to disengage it from the barrier. As a result, the tire suddenly exploded after being punctured by the sharp edge of the crossbar, the force of the explosion ripping the sign from the guardrail and propelling it through the air some 15 feet where it struck the plaintiff.

On the above facts, we previously granted summary judgment dismissing the main action insofar as asserted against Clarkstown, finding that, "[u]nder the extraordinary sequence of events presented here, the risk of injury was unforeseeable as a matter of law" (*Davidson v Miele Sanitation Co. NY, Inc.,* 9 AD3d 346, 348 [2004]).

This matter is again before us, this time to determine whether

the Town is obligated to indemnify Clarkstown against all "Losses" as defined in the solid waste disposal service agreement (hereinafter the agreement) entered into between the parties on May 18, 1990, and to defend it in any suit "arising out of" the Town's "negligence or fault." Clarkstown contends that the negligent actions of the truck driver, a Town employee, constituted an intervening, superseding cause of the underlying accident, thereby rendering the Town liable to indemnify Clarkstown pursuant to the terms of the agreement. We disagree.

Contrary to Clarkstown's contention, the highly unusual sequence of events that we previously held was unforeseeable as to it, was equally unforeseeable as to the Town. Therefore, irrespective of whether the driver's actions in colliding with the crossbar, and/or Clarkstown's action in permitting the crossbar to protrude into the truck bay, were causes-in-fact of the underlying accident, neither was a proximate cause of such accident because the risk of injury to the plaintiff, under the unusual circumstances presented here, was unforeseeable as a matter of law (see Amica Mut. Ins. Co. v Town of Vestal, 191 AD2d 916 [1993]).

Under the terms of the agreement, the Town is obligated to indemnify Clarkstown against all "Losses" (as defined in the agreement) and to defend it in any suit "arising out of" the Town's "negligence or fault." Contrary to Clarkstown's contention, we read the foregoing provision as requiring the Town to indemnify Clarkstown only with respect to occurrences proximately caused by the Town's negligent acts or omissions. Because we hold that the risk of injury to the plaintiff was unforeseeable as to the Town, it follows that Clarkstown is not entitled to indemnification under the agreement. Therefore, the Town's motion should have been granted and the third-party action dismissed.

Clarkstown's remaining contentions are without merit. Prudenti, P.J., Florio, Fisher and Lunn, JJ., concur.