Egan Jr., J.
Appeal from an order of the Supreme Court (Giardino, J.), entered January 9, 2009 in Fulton County, which denied defendant’s motion for summary judgment dismissing the complaint.
Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell while exiting a supermarket owned by defendant located in the City of Johnstown, Fulton County. On the date of the accident, the supermarket was undergoing renovations, and a temporary asphalt walkway was being used for all patrons to enter and exit it. The temporary asphalt walkway was sectioned off from excavation work with a flexible orange mesh fence. As plaintiff pushed his shopping cart out from the supermarket and onto the temporary asphalt walkway, he moved to the very left, alongside the flexible orange mesh fence, to make way for another patron to enter the supermarket. As he did so, plaintiffs foot slipped off the edge of the *1261 temporary asphalt walkway, causing him to fall through the flexible orange mesh fence into an excavation ditch and onto rebar, which was laid across the excavated ground. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, concluding that triable issues of fact exist regarding whether the design and construction of the temporary asphalt walkway constituted a dangerous or defective condition. Defendant appeals, and we now affirm.
“Whenever the general public is invited into stores, office buildings and other places of public assembly, the owner is charged with the duty of providing the public with a reasonably safe premises, including a safe means of ingress and egress” (Gallagher v St. Raymond’s R. C. Church, 21 NY2d 554, 557 [1968]). “Most relevant here, ‘[t]he scope of this duty is measured in terms of foreseeability’ ” (Perrelli v Orlow, 273 AD2d 533, 534 [2000], quoting Pizzola v State of New York, 130 AD2d 796, 796 [1987]). “[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury” (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks and citations omitted]; see Maloid v New York State Elec. & Gas Corp., 257 AD2d 712, 713 [1999]). Likewise, “ ‘[w]hat accidents are reasonably foreseeable, and what preventive measure should reasonably be taken, are ordinarily questions of fact’ ” (Perrelli v Orlow, 273 AD2d at 534, quoting Diven v Village of Hastings-On-Hudson, 156 AD2d 538, 539 [1989]).
“For defendant ] to prevail on [its] summary judgment motion, [it is] required to establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof’ (Cantwell v Rondout Sav. Bank, 55 AD3d 1031, 1031-1032 [2008] [internal quotation marks and citations omitted]). “ ‘Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit [a] defendant ] to discover it and take corrective action’ ” (Hagin v Sears, Roebuck & Co., 61 AD3d 1264, 1266 [2009], quoting Boyko v Limowski, 223 AD2d 962, 964 [1996]; see Cantwell v Rondout Sav. Bank, 55 AD3d at 1031-1032).
To establish the lack of constructive notice, defendant offered the testimony from store employees that the temporary walkway was checked both minutes before and just after the accident, *1262 and no gravel, stones or debris was found in the area of the temporary walkway where plaintiff fell. Defendant also pointed to plaintiffs deposition testimony, wherein plaintiff stated that he did not recall seeing stones or pebbles on the temporary walkway before or after the accident. Defendant submitted that plaintiffs theory of the accident—that he slipped on stones or gravel—is speculative, and also established that the presence of the flexible orange mesh fence was not a proximate cause of the accident. In opposition to defendant’s motion, plaintiff argued that his fall was not caused by the presence of a foreign substance on the temporary walkway, but by reason of defendant’s failure to erect a sufficient barrier between the edge of the temporary walkway and the ditch below to prevent plaintiff and other patrons using the walkway from falling through the flexible orange mesh fence into the excavated area under construction. Thus, plaintiff argued, defendant created the defect and, by the testimony of its own employees, had notice of a dangerous condition.
Even if defendant met its prima facie burden, viewing the proof presented in the light most favorable to plaintiff (see Candelario v Watervliet Hous. Auth., 46 AD3d 1073, 1074 [2007]), we find questions of fact exist as to whether defendant maintained the premises in a reasonably safe condition and as to whether it created or had actual or constructive notice of the allegedly dangerous condition. While defendant claims no notice of debris on the temporary walkway, a jury could reasonably conclude that a substantial cause of plaintiffs injuries was defendant’s failure to provide a more sturdy barrier between the temporary walkway and the excavation area (see generally Carson v Dudley, 25 AD3d 983, 983-984 [2006]).
We also note that Supreme Court did not misconstrue plaintiffs deposition testimony, which is simply unclear as to whether plaintiff slipped on loose stones before or after his foot slid off the side of the temporary walkway. In addition, even if we were to conclude that plaintiffs expert affidavit submitted in opposition to defendant’s motion was insufficient, as claimed by defendant, questions of fact still preclude summary judgment in defendant’s favor. Accordingly, Supreme Court properly denied defendant’s motion for summary judgment dismissing the complaint.
Spain, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.