Stein, J.
Appeal from an order of the Supreme Court (Krogmann, J.), entered January 30, 2013 in Warren County, which denied defendant’s motion for summary judgment dismissing the complaint.
On the evening of January 25, 2010, plaintiff fell while walking with her dogs on an icy walkway at the Sagamore Resort in Bolton Landing, Warren County.[1] As a result of the injuries she sustained, plaintiff commenced this action alleging, among other things, that defendant — the owner of the resort — negligently maintained the premises. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and, upon defendant’s appeal, we affirm.
Turning first to the issue of duty, it is well settled that “a landowner has a duty to exercise reasonable care in maintaining his [or her] own property in a reasonably safe condition *1133 under the circumstances” (Galindo v Town of Clarkstown, 2 NY3d 633, 636 [2004]). The nature and scope of a landowner’s duty and the persons to whom such duty is owed are determined by consideration of, among other things, “the likelihood of injury to another from a dangerous condition on the property, . . . the burden of avoiding the risk [as well as] the foreseeability of a potential plaintiffs presence on the property” (id.; see Basso v Miller, 40 NY2d 233, 241 [1976]; Rossal-Daub v Walter, 97 AD3d 1006, 1007 [2012]; Taylor v Lands End Realty Corp., 93 AD3d 1062, 1063 [2012]; see also Salim v Western Regional Off-Track Betting Corp., Batavia Downs, 100 AD3d 1370, 1371 [2012]; Hendrickson v Ryan, 262 AD2d 930, 930 [1999]). “Although a jury determines whether and to what extent a particular duty was breached, it is for the court first to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society generally” (Tagle v Jakob, 97 NY2d 165, 168 [2001]; see Rossal-Daub v Walter, 97 AD3d at 1007; Marsh v Marsh, 45 AD3d 1100, 1101 [2007]).
In order to satisfy its burden on summary judgment, defendant was required to present evidence conclusively establishing that its duty to use reasonable care did not extend to plaintiff. We reject defendant’s argument that it was not required to maintain the walkway on which plaintiff fell because the resort was closed to the public during the winter months. It is undisputed that there was no gate or other apparatus blocking the public’s access to the resort and, apart from a sign posted on the main hotel door, there was no notice that either the resort, generally, or the subject walkway, in particular, was closed to the public at the time of plaintiffs accident. Significantly, the condominiums located on the resort property were accessible year-round, with no limitation on visitors. It is also uncontroverted that defendant did not inspect the walkway in question. In our view, defendant failed to establish as a matter of law that plaintiffs use of the path was not reasonably foreseeable (see Perrelli v Orlow, 273 AD2d 533, 534-535 [2000]; compare Elwood v Alpha Sigma Phi, Iota Ch. of Alpha Sigma Phi Fraternity, Inc., 62 AD3d 1074, 1076 [2009], lv denied 13 NY3d 711 [2009]) and failed to meet its threshold burden of establishing that it did not owe a duty to plaintiff under the circumstances present here.
Even if defendant had met its initial burden on the issue of duty, plaintiff raised triable questions of fact in opposition. For example, according to one condominium owner, defendant did not inform the owners that the premises — other than the hotel *1134 building — were closed during the winter months. In addition, according to plaintiff, the path on which she fell was covered with footprints in the snow, suggesting that an inspection of the walkway would have revealed that it was being used by either condominium owners and/or members of the public. Triable issues of fact also exist as to whether the main road was a suitable alternative path, based on plaintiff’s testimony that she chose not to use it because the road was narrow and dark and she was concerned about oncoming traffic (see Malley v Alice Hyde Hosp. Assn., 297 AD2d 425, 425-426 [2002]; see also Carthans v Grenadier Realty Corp., 38 AD3d 489, 489 [2007]; compare Rosenbloom v City of New York, 254 AD2d 474, 475 [1998], lv denied 93 NY2d 803 [1999]).
We also reject defendant’s argument that General Obligations Law § 9-103 (1) (a) shielded it from liability. That statute “grants a special immunity to owners, lessees or occupants from the usual duty to keep places safe” when individuals using the property engage in specified recreational activities — including, as relevant here, hiking and training dogs — without charge (Farnham v Kittinger, 83 NY2d 520, 525 [1994]; see General Obligations Law § 9-103 [1] [a]; Bragg v Genesee County Agric. Socy., 84 NY2d 544, 546-547 [1994]). Here, defendant has failed to demonstrate, as required, that plaintiff was engaged in one of the specified activities at the time she was injured.
Plaintiff testified that her original purpose in walking to the resort was to visit a friend’s condominium. Once she arrived, however, she realized that she had forgotten something that she needed and, instead, continued to walk with her dogs, ultimately reaching the walkway where she fell. Although the term “hiking” is not defined by the statute, when we give such term its ordinary and usual meaning (see McKinney’s Cons Laws of NY, Book 1, Statutes § 232), it contemplates more than merely walking on a paved walkway (see generally 6 NYCRR 197.2 [a]; Sega v State of New York, 60 NY2d 183, 193 [1983]; Cometti v Hunter Mtn. Festivals, 241 AD2d 896, 897 [1997]).[2] In our view, classifying plaintiffs actions as “hiking” would place an overly broad interpretation upon that term. Nor is there any evidence in the record that plaintiff was training her dogs. Accordingly, Supreme Court properly denied defendant’s motion for summary judgment dismissing the complaint on this basis (see Finnocchiaro v Napolitano, 52 AD3d 463, 464 [2008]).
Defendant was also required to establish as a matter of law that it “did not create a dangerous condition and had no actual *1135 or constructive notice of any dangerous condition that caused plaintiff’s fall” (Califano v Dubonnet Hair Stylists, 96 AD3d 1290, 1291 [2012]; see Tate v Golub Props., Inc., 103 AD3d 1080, 1081 [2013]; Vincent v Landi, 101 AD3d 1565, 1566 [2012]; Rodriguez v Binghamton Hous. Auth., 101 AD3d 1222, 1222 [2012]).[3] The deposition testimony of defendant’s employee established that defendant did not conduct inspections of the walkway on which plaintiff fell, significantly reduced the resort’s maintenance staff during the winter months and limited its snow removal efforts to the roadways and parking lots near the condominium units. Further, as previously noted, plaintiff testified that she observed that the path on which she was walking had not been shoveled or cleared, and that there were footprints in the snow, demonstrating that people had walked on it. Defendant submitted climatological data that indicated that it had snowed in the previous weeks and that the temperatures had fluctuated. However, it did not provide expert testimony or other proof establishing how long the icy condition had existed (compare O’Neil v Ric Warrensburg Assoc., LLC, 90 AD3d 1126, 1127 [2011]). When we view the evidence in the light most favorable to plaintiff (see Beckerleg v Tractor Supply Co., 107 AD3d 1208, 1209 [2013]), we conclude that defendant failed to establish as a matter of law that the condition was not visible and apparent or that it did not exist “for a sufficient period of time prior to the accident to permit defendant [ ] to discover it and take corrective action” (Tate v Golub Props., Inc., 103 AD3d at 1081 [internal quotation marks and citations omitted]; see Ravida v Stuyvesant Plaza, Inc., 101 AD3d 1421, 1422 [2012]).
As a final matter, defendant failed to establish its entitlement to summary judgment based on the storm in progress doctrine (see generally Edick v General Elec. Co., 98 AD3d 1217, 1220 [2012]; Hilsman v Sarwil Assoc., L.P., 13 AD3d 692, 693 [2004]). The climatological data submitted by defendant merely indicated that, on the day of plaintiffs accident, it had been raining and that it was uncharacteristically warm, with temperatures above freezing. Inasmuch as defendant did not submit expert testimony that would establish that this weather could have produced an icy condition (compare Parker v Rust Plant Servs., Inc., 9 AD3d 671, 673 [2004]), defendant’s proof was insufficient to establish “that the ice upon which . . . plaintiff slipped was the result of an ongoing storm as opposed to an accumulation of ice from the prior snowfalls” (McBryant v Pisa Holding Corp., *1136 110 AD3d. 1034, 1036 [2013]; compare McConologue v Summer St. Stamford Corp., 16 AD3d 468, 469 [2005]; Cohen v A.R. Fuel, 290 AD2d 640, 641 [2002]). To the extent not specifically addressed herein, defendant’s remaining contentions have been examined and found to be unavailing.
Rose, J.E, Spain and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

. The 70-acre resort — located on Green Island — is accessible from the mainland by a bridge, and its amenities include a hotel, conference center, boat dock, lakehouse, gardens and recreational areas, with a road and walkways throughout. Additionally, there are privately-owned condominiums on the resort property.

. We also note that walking, as opposed to hiking, is not included among the recreational activities enumerated in the statute.

. Plaintiff does not allege that defendant created the condition or had actual notice thereof. Accordingly, the issue distills to whether defendant had constructive notice of the condition.