*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015　　　　　519506
_____

ANTHONY PRUSKY et al.,
　　　　　　　　Respondents,
　　　v　　　　　　　　　　　　MEMORANDUM AND ORDER

DANIEL McCARTY et al.,
　　　　　　　　Appellants.
_____

Calendar Date:  January 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

　　　　Hite & Beaumont PC, Albany (John H. Beaumont of counsel), for appellants.

　　　　James Trauring & Associates, Schenectady (Zachary M. Stevens of counsel), for respondents.

_____

Clark, J.

　　　　Appeal from an order of the Supreme Court (Ferradino, J.), entered October 29, 2013 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

　　　　Plaintiff Anthony Prusky (hereinafter plaintiff) was employed as a service technician for a satellite television provider.  In February 2010, he was dispatched to defendants' residence on a service call.  He was purportedly injured when he slipped and fell on ice while walking toward the rear of the house.  Plaintiff and his wife, derivatively, thereafter commenced this action, alleging that defendants negligently maintained the premises, created a dangerous condition by failing to remove snow and ice and failed to provide any warning of that condition.  Following joinder of issue, defendants moved for

summary judgment dismissing the complaint.  Supreme Court denied the motion, and defendants appeal.

We affirm.  "As landowners, defendants owed a duty to exercise reasonable care in maintaining their property in a safe condition under all the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk and the foreseeability of a potential plaintiff's presence on the property" (Perrelli v Orlow, 273 AD2d 533, 534 [2000]; see Galindo v Town of Clarkstown, 2 NY3d 633, 636 [2004]; Drake v Sagbolt, LLC, 112 AD3d 1132, 1132-1133 [2013]).  To put it briefly, the scope of a landowner's duty is measured in terms of foreseeability, which may only be determined as a matter of law where "a single inference can be drawn from the undisputed facts" (Perrelli v Orlow, 273 AD2d at 534; see Drake v Sagbolt, LLC, 112 AD3d at 1133).

Defendants assert that plaintiff had left a walkway and was walking across their snow- and ice-covered lawn when he fell and that, as a result, they owed no duty of reasonable care to him. Plaintiff consistently stated that he did not know whether he fell on a walkway or the lawn because both were covered with snow and ice.  Plaintiff did recall, however, that he was walking on snow that had been previously packed down by foot traffic and that he was on an "obvious pathway for reaching the back of the home."[1]  Defendants provided no evidence to suggest that such a pathway did not exist or that plaintiff was not using it. Viewing this evidence in the light most favorable to plaintiffs, as the nonmovants, we agree with Supreme Court that defendants

_____

[1]  Contrary to defendants' contention, while plaintiff's affidavit in opposition to their summary judgment motion differed in some respects from his deposition testimony, the two are not inherently contradictory.  Accordingly, plaintiff's affidavit "cannot be seen as an attempt to avoid the consequences of his prior testimony by creating a feigned question of fact, but instead merely raised a credibility issue" (Sullivan v Schindler El. Corp., 94 AD3d 1207, 1209 [2012]; see Sutin v Pawlus, 105 AD3d 1293, 1295 [2013]).

failed to conclusively establish that they did not owe a duty to plaintiff (see Drake v Sagbolt, LLC, 112 AD3d at 1133-1134; Perrelli v Orlow, 273 AD2d at 534-535; see also Malley v Alice Hyde Hosp. Assn., 297 AD2d 425, 425-426 [2002]).  Thus, defendants' motion for summary judgment was properly denied.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court