*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 3, 2016                    522383
_____

HENRY MONTANEZ et al.,
                    Appellants,
        v                                        MEMORANDUM AND ORDER

NEW YORK STATE ELECTRIC AND
    GAS,
                    Respondent.
_____

Calendar Date:  September 6, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

_____

        Shawn Law Offices, Monticello (Jeffrey L. Nash of Nash Law
Group, LLC, Camden, New Jersey, of counsel), for appellants.

        The Wolford Law Firm, LLP, Rochester (James S. Wolford of
counsel), for respondent.

_____

Clark, J.

        (1) Appeal from an order of the Supreme Court (Meddaugh,
J.), entered April 10, 2015 in Sullivan County, which granted
defendant's motion for summary judgment dismissing the complaint,
and (2) motion to dismiss appeal.

        Plaintiffs owned a house situated on several acres of land
in the Town of Thompson, Sullivan County.  On August 28, 2011, as
a result of Hurricane Irene, a tree branch fell onto and severed
a power line owned and maintained by defendant on its permanent
utility easement over a wooded portion of plaintiffs' property,
hundreds of feet from plaintiffs' house.  In response, defendant
dispatched a line guard to prevent any person from coming into
contact with the live wire until the line could be repaired.  The

downed power line, which remained live for several hours, made contact with an above-ground PVC pipe containing water and electrical lines for a sprinkler system.  The downed power line burned through the PVC pipe and electrical insulation and energized the sprinkler system's electrical wire, which connected to an electrical box in plaintiffs' residence, thereby causing electrical arcing and a structural fire in plaintiffs' house.

Plaintiffs commenced this action alleging, among other things, that defendant was negligent in maintaining, inspecting and repairing the power line and that it failed to take the proper precautions to prevent the electrical malfunctions that caused the fire.[1]  Following joinder of issue and disclosure, defendant moved for summary judgment dismissing the complaint.  Supreme Court granted the motion in its entirety.  Plaintiffs appealed, and defendant thereafter moved to dismiss the appeal on the basis that, in the absence of a valid notice of appeal, this Court lacked jurisdiction.  This Court withheld decision and directed that the motion be decided in conjunction with the appeal.

Initially, we deny defendant's motion to dismiss the appeal.  While plaintiffs' attorney of record filed a notice withdrawing plaintiffs' timely notice of appeal, he later filed an amended notice clarifying that the prior notice was intended to withdraw only that portion of the appeal relating to the subrogation claims belonging to plaintiffs' insurer (see CPLR 1004), not that portion of the appeal relating to plaintiffs' claims to recover for uninsured property damages.  In the absence of any demonstrated prejudice to defendant, who apparently had notice of plaintiffs' intention to proceed with an appeal, and considering that counsel promptly corrected the mistake upon learning of its occurrence, we overlook any resulting defects in plaintiffs' notice of appeal in the exercise of our discretion (see Matter of Deraway v Bulk Stor., Inc., 51 AD3d 1313, 1314 n 1 [2008]; Salvador v Town Bd. of Town of Queensbury, 303 AD2d 826,

_____

[1]  Plaintiffs conceded to the dismissal of their remaining causes of action sounding in breach of implied and express warranties, strict liability and breach of contract.

827 [2003]).

Turning to the merits, "[t]o establish a prima facie case of negligence, the plaintiff is required to demonstrate that the defendant owed a duty to him or her, that the defendant breached that duty and that such breach was a proximate cause of the injuries sustained" (Evarts v Pyro Eng'g, Inc., 117 AD3d 1148, 1150 [2014]; see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016]). Although dependent upon the facts and circumstances, "[t]he existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the court" (Di Ponzio v Riordan, 89 NY2d 578, 583 [1997]; see Tagle v Jakob, 97 NY2d 165, 168 [2001]; Sciscente v Lill Overhead Doors, Inc., 78 AD3d 1300, 1301 [2010]). In determining the scope of duty, courts examine, among other factors, whether the "injury-producing occurrence is one that could have been anticipated" (Di Ponzio v Riordan, 89 NY2d at 583; see Gordon v City of New York, 70 NY2d 839, 841 [1987]; Moore v J.A. Bradley & Sons, Inc., 68 AD3d 1419, 1422 [2009]).

Defendant's submissions in support of its motion for summary judgment established that it did not consent to, or receive notice of, the installation of the sprinkler system over 10 years prior to the fire. The terms of defendant's easement prohibited the construction of surface or subsurface structures on the easement without defendant's prior written consent. Defendant's employee averred that defendant's records contained no indication that defendant had been notified of the installation or consented to it. Additionally, plaintiff Henry Montanez and his father-in-law, who apparently paid for the installation of the sprinkler system, stated in their deposition testimony that they did not notify defendant that water and electrical lines had been installed above ground on the easement. In fact, Montanez, his father-in-law and the property's groundskeeper all asserted that they were unaware that the PVC piping on the easement was above ground, and several witnesses involved in investigating the cause of the fire asserted that the piping was covered by heavy brush and vegetation.

Defendant's expert explained that the PVC pipe containing electrical and water lines was installed above ground in

violation of electrical code and opined that, had the pipe been buried underground in compliance with code, the fire would not have occurred. He thus opined that the cause of the fire was the negligent installation of the sprinkler system and that a structural fire roughly 275 feet from a downed power line is not a normal and foreseeable consequence of that downed line. As Supreme Court properly concluded, the foregoing proof established defendant's prima facie entitlement to judgment as a matter of law on the basis that, under the circumstances caused by the hurricane, defendant acted reasonably in dispatching a line guard to prevent anyone from coming into contact with the downed line and that it could not have anticipated that the power line would come into contact with electrical wiring that was improperly installed above ground by a third party — in violation of electrical code — on its easement in a heavily wooded area without having received notice of, or given consent for, its installation and that such contact would cause the electrical arcing that started a fire in the residence (see Moore v J.A. Bradley & Sons, Inc., 68 AD3d at 1421; Amica Mut. Ins. Co. v Town of Vestal, 191 AD2d 916, 917 [1993]). The burden thus shifted to plaintiffs to put forth competent proof demonstrating the existence of triable issues of fact precluding summary judgment dismissing the complaint (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1022 [2016]).

Plaintiffs are largely in agreement with defendant as to the salient facts and circumstances underlying the fire, but disagree as to the duty that arose to defendant under these circumstances. Plaintiffs argue that defendant should have been aware of the PVC piping on the easement, which plaintiffs' expert described as "clearly open and apparently visible," because it had repaired the power line at issue on several prior occasions. However, plaintiffs failed to establish how the mere observance of PVC piping on the easement would enable defendant to conclude that the piping contained an electrical wire that connected to an electrical box in the house and, thus, anticipate that the downed power line could cause a structural fire at the house. The affidavits of plaintiffs' experts, who opined that defendant was negligent in responding to the dangerous condition posed by the downed power line and that the risk of fire was reasonably foreseeable, failed to address this deficiency. As plaintiffs'

evidence, including the conclusory opinions offered by their experts, fell short of demonstrating that defendant should have reasonably perceived the risk that the downed power line could cause a fire in the residence hundreds of feet away, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint (see Moore v J.A. Bradley & Sons, Inc., 68 AD3d at 1422; Lee v New York City Hous. Auth., 25 AD3d 214, 218-219 [2005], lv denied 6 NY3d 708 [2006]).

Peters, P.J., McCarthy, Lynch and Rose, JJ., concur.


ORDERED that the motion to dismiss the appeal is denied, without costs.

ORDERED that the order is affirmed, with costs.




ENTER:


Robert D. Mayberger
Clerk of the Court