■ ROBERT KIRBY, Appellant, v SUMMITVILLE FIRE DISTRICT, Respondent. [58 NYS3d 748]—

Egan Jr., J. Appeal from an order of the Supreme Court (Schick, J.), entered February 23, 2016 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

On December 15, 2012, plaintiff attended a holiday party hosted by a local business and held at a firehouse owned by defendant. To that end, plaintiff brought with him a bottle of vodka and a bottle of grapefruit juice in his pickup truck so that he would have something to drink at the party. According to plaintiff, he had one mixed drink at his house prior to leaving for the party and mixed one additional drink after arriving at the firehouse.[1]

At some point during the evening, plaintiff and a friend, Walter Finkle, came to the conclusion that plaintiff was in no condition to drive home.[2] When it came time to leave, plaintiff, Finkle and Finkle's spouse all exited the rear of the firehouse— intending that Finkle would drive plaintiff's pickup and Finkle's spouse would follow in their car. When Finkle realized that plaintiff's vehicle was parked in front of the firehouse, Finkle and plaintiff—instead of reentering the firehouse, walking through the building's interior and exiting via the front door—started around the side of the firehouse and down the side of the building. According to plaintiff, they chose this direction of travel because Finkle said, "Let's go around the side, it's easier." While walking toward the front of the building, plaintiff

---

1. Plaintiff mixed his cocktail in a plastic cup that he estimated to be "[m]aybe eight-ounce[s]."

2. The record contains conflicting proof as to plaintiff's level of intoxication. Finkle acknowledged that plaintiff had consumed "[a] good dose" of alcohol at the party but insisted that plaintiff was "not even close" to being falling-down drunk, while defendant's fire commissioner described plaintiff as "slurring . . . his words" and stated that, during the course of the party, he saw plaintiff—sitting in a stairwell—asleep.

allegedly stepped on a piece of black PVC pipe, causing him to slip and fall down an embankment.[3]

Plaintiff thereafter commenced this negligence action against defendant alleging, among other things, that defendant failed to maintain its premises in a reasonably safe condition. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion, and this appeal by plaintiff ensued.

We affirm. "A landowner has a duty to exercise reasonable care under the circumstances in maintaining its property in a safe condition" (*Kush v City of Buffalo*, 59 NY2d 26, 29 [1983] [citation omitted]; *see Prusky v McCarty*, 126 AD3d 1171, 1171 [2015]). To that end, "the scope of a landowner's duty is measured in terms of foreseeability" (*Prusky v McCarty*, 126 AD3d at 1171). Because "[t]he risk reasonably to be perceived defines the duty to be obeyed" (*Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 344 [1928]), the issue distills to whether it was foreseeable that plaintiff, despite being provided with established and alternative avenues of ingress and egress from defendant's firehouse, would instead exit the rear of the structure at night and traverse a sloped, unlit strip of land—located between the firehouse and a row of trees/shrubbery—in order to reach the front parking lot of the firehouse and retrieve his vehicle. Upon reviewing the record as a whole, we are satisfied that defendant met its burden of establishing, as a matter of law, that plaintiff's means of egress was not reasonably foreseeable and, further, that plaintiff failed to raise a triable issue of fact on this point.

Although plaintiff asserts in a conclusory fashion that the subject strip of land "was regularly used as a path from one parking lot [at the firehouse] to the other," the record as a whole is devoid of proof to substantiate this claim. Defendant's commissioner testified at his examination before trial that he periodically would walk around to the side of the firehouse where plaintiff fell to pick up trash that had blown out of the dumpster but, otherwise, there was "no reason . . . to be on that side of the building." As to the specific strip of land where plaintiff's accident occurred, which was comprised of a combination of grass and gravel, the commissioner clearly

---

**3.** As reflected in a photograph contained in the record, plaintiff fell while walking along a strip of land separating defendant's property from the adjoining property. The area in question lies between the side of defendant's firehouse and a dense row of trees/shrubbery running along an embankment bordering the adjoining landowner's property.

stated, "It's not a walkway." Similar testimony was offered from Finkle, who was with plaintiff at the time that he fell. Although Finkle, who had helped build a portion of the firehouse, testified that he had been on that side of the structure "[n]umerous times," he also readily acknowledged that there was no walkway in that location. To the extent that Finkle testified that he saw children playing "flashlight tag" on the night in question in the general area where plaintiff fell, such testimony fails to establish that defendant had actual or constructive notice that firehouse guests were using the subject strip of land as a path or walkway (compare Powers v 31 E 31 LLC, 24 NY3d 84, 94-95 [2014], with Feuerherm v Grodinsky, 124 AD3d 1189, 1191-1193 [2015], lv denied 25 NY3d 907 [2015]).

For his part, plaintiff testified at his examination before trial that, on the night in question, he followed Finkle, who was going to give him a ride home, out of the rear of the firehouse. As plaintiff made his way along the side of the firehouse, he allegedly stepped on a piece of black PVC pipe, causing him to slip and fall. Although plaintiff characterized the area where he fell as "like a gravel walkway," again, nothing in the record suggests that defendant utilized such area for this purpose or otherwise was aware that others were doing so. Rather, the record as a whole reflects that the strip of land between the firehouse and the line of trees/shrubbery separating defendant's parcel from the adjoining landowner was rarely utilized for any purpose—much less as a regular means of ingress and egress from defendant's premises (compare Prusky v McCarty, 126 AD3d at 1172, with Elwood v Alpha Sigma Phi, Iota Ch. of Alpha Sigma Phi Fraternity, Inc., 62 AD3d 1074, 1076-1077 [2009], lv denied 13 NY3d 711 [2009]; see generally Freese v Bedford, 112 AD3d 1280, 1281 [2013]).

As such proof, to our analysis, establishes—as a matter of law—that plaintiff's means of egress on the night in question was not reasonably foreseeable, and inasmuch as the record otherwise contains insufficient admissible proof to raise a question of fact in this regard, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Having so concluded, we need not address the remaining defenses raised by defendant, including the issue of plaintiff's voluntary intoxication.

Peters, P.J., McCarthy, Devine and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.