Pritzker, J.
 

 Appeal from an order of the Supreme Court (Cerio Jr., J.), entered September 27, 2016 in Madison County, which granted a motion by defendant Dollar Tree Stores, Inc. for summary judgment dismissing the complaint against it.
 

 Plaintiff commenced this action against defendant Dollar Tree Stores, Inc. (hereinafter defendant) and another to recover for injuries sustained when she fell while shopping for Christmas ornaments at defendant’s store. Plaintiff generally alleged that, as she removed garland from the display, some other garlands fell off the display, causing her to turn away and fall, sustaining injuries. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion on the ground that, among other things, plaintiff’s fall was not reasonably foreseeable and therefore defendant breached no duty owed to plaintiff.
 

 “[B]usiness proprietors have a duty to maintain their properties in a reasonably safe condition” (Di Ponzio v Riordan, 89 NY2d 578, 582 [1997]). “The existence and scope of the alleged tortfeasor’s duty is, in the first instance, a legal question for determination by the court—giving due consideration to whether the relationship of the parties is such as to give rise to a duty of care, whether the plaintiff was within the zone of foreseeable harm and whether the accident was within the reasonably foreseeable risks” (Evarts v Pyro Eng’g, Inc., 117 AD3d 1148, 1150 [2014] [internal quotation marks, brackets and citations omitted]; see Filiberto v Herk’s Tavern, Inc., 37 AD3d 1007, 1008 [2007], lv denied 8 NY3d 815 [2007]). “Foreseeability of risk is an essential element of a fault-based negligence cause of action because the community deems a person at fault only when the injury-producing occurrence is one that could have been anticipated” (Di Ponzio v Riordan, 89 NY2d at 583 [citation omitted]; see Montanez v New York State Elec. & Gas, 144 AD3d 1241, 1243 [2016]; Evarts v Pyro Eng’g, Inc., 117 AD3d at 1150). Upon a review of the record as a whole, we find that defendant met its burden in establishing, as a matter of law, that it was not reasonably foreseeable for plaintiff to be injured while taking down garland (see Kirby v Summitville Fire Dist., 152 AD3d 926, 927 [2017]). As such, the burden shifted to plaintiff to raise a triable issue of fact.
 

 Plaintiff testified that while taking down garland, she felt a snag on the garland and, when she turned back and saw that the garland was attached to a loop of garland above it, she saw—through her peripheral vision—“stuff” starting to fall and, when she started to move her feet, she fell. Plaintiff further testified that she did not trip over anything and was not struck by anything before she fell, nor did she strike anything on the way down as she fell. In opposition to defendant’s motion, plaintiff submitted defendant’s Holiday Sales Planner and Stocking Procedural Manual. Plaintiff also submitted an affidavit of plaintiff’s expert witness—a retail sales merchandising specialist, consultant and planner—who attested to the proper, correct and safe way to install, stock and display consumer products and merchandise for sale to the public in retail stores. However, such testimony failed to demonstrate how the location and stocking of the garland presented a foreseeable risk. Therefore, plaintiff failed to raise a triable issue of fact that plaintiff’s injury was reasonably foreseeable {see Kirby v Summitville Fire Dist., 152 AD3d at 927). Supreme Court properly found that there was “nothing about the nature of packages of garland falling from above that would lead a reasonable person to foresee said garland knocking a person to the ground and/or breaking a person’s wrist.” Supreme Court also correctly found that the doctrine of res ipsa loquitur did not apply. “The doctrine cannot be used where, as here, the defendant against whom the doctrine is asserted owes no duty in connection with the mechanism that caused the injury” (Norton v Albany County Airport Auth., 52 AD3d 871, 873 [2008]). The absence of a duty owed by defendant to plaintiff renders plaintiff’s remaining arguments academic.
 

 McCarthy, J.P., Lynch, Rose and Clark, JJ., concur.
 

 Ordered that the order is affirmed, with costs.