Ellis v Lansingburgh Cent. Sch. Dist. (2018 NY Slip Op 05011)





Ellis v Lansingburgh Cent. Sch. Dist.


2018 NY Slip Op 05011


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

526137

[*1]DEBORAH J. ELLIS, Respondent,
v
LANSINGBURGH CENTRAL SCHOOL DISTRICT, Appellant.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Pritzker, JJ.


The Mills Law Firm, LLP, Clifton Park (Michelle M. Kulak of counsel), for appellant.
Robert A. Becher, Albany, for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered December 28, 2017 in Rensselaer County, which, among other things, granted plaintiff partial summary judgment.
Plaintiff slipped and fell on an unpaved grass path that connected one of defendant's elementary schools to the school's parking lot and, as a result, sustained injuries. Plaintiff filed a notice of claim and, thereafter, a General Municipal Law § 50-h hearing was held. Subsequently, this action was commenced. Defendant answered, asserting affirmative defenses, and, after completion of discovery, a note of issue was filed. Defendant then moved for summary judgment dismissing the complaint, which plaintiff opposed. After defendant submitted a reply affirmation in further support of its motion, Supreme Court denied defendant's motion for summary judgment, searched the record and granted partial summary judgment to plaintiff on the issue of liability. Defendant appeals.
The testimony established that plaintiff worked in the cafeteria at the school and, on the day of the accident, walked from the parking lot to the school on an unpaved inclined grass path, as opposed to a paved walkway along the side of the school building. Plaintiff testified that she had always walked along that path because she had seen other people using it. Later that day, plaintiff again accessed the parking lot by utilizing the grass path and, after four steps on the path, fell and injured herself, suffering a fracture to her right fibula. There had been a snow storm the day before plaintiff's fall, and the path had been cleared, with grass exposed on the [*2]surface. Plaintiff could not recall whether there was ice or snow on the path, but recalled that the grass was wet and the ground was "muddy" and "nasty." Robert Shongar, an employee of defendant who is in charge of buildings and grounds, maintenance and custodial functions, testified that he went to the school later on the day of plaintiff's fall and saw that the grass path was cleared in the snow. Shongar stated that he knew that it was one of his custodians who had cleared the path and that the path should not have been cleared.[FN1]
Defendant moved for summary judgment on the grounds that it did not have a duty to maintain the path and that the path was not a dangerous condition. "As the party seeking summary judgment, defendant bore the initial burden of demonstrating that it had maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the specific allegedly dangerous condition that resulted in plaintiff's injury" (Firment v Dick's Sporting Goods, Inc., 160 AD3d 1259, 1259-1260 [2018] [internal quotation marks and citation omitted]; see Torgersen v A & F Black Cr. Realty, LLC, 158 AD3d 1042, 1042 [2018]). To that end, "the scope of a landowner's duty is measured in terms of foreseeability" (Prusky v McCarty, 126 AD3d 1171, 1171 [2015]; accord Kirby v Summitville Fire Dist., 152 AD3d 926, 927 [2017]). "Foreseeability of risk is an essential element of a fault-based negligence cause of action because the community deems a person at fault only when the injury-producing occurrence is one that could have been anticipated" (Parke v Dollar Tree, Inc., 155 AD3d 1489, 1490 [2017] [internal quotation marks and citations omitted]).
Here, the evidence shows that defendant created the path on which plaintiff fell and, therefore, the only valid inference is that it was foreseeable that people would use the path once it had been cleared (compare Kirby v Summitville Fire Dist., 152 AD3d at 927). Thus, defendant had a duty to maintain the path in a reasonably safe condition (see Prusky v McCarty, 126 AD3d at 1171-1172). However, whether "a dangerous condition exists is generally a question for the jury" (Greblewski v Strong Health MCO, LLC, 161 AD3d 1336, 1336; see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]), unless "only a single inference can be drawn from the undisputed facts" (Malley v Alice Hyde Hosp. Assn., 297 AD2d 425, 425 [2002] [internal quotation marks and citation omitted]). The deposition testimony established that defendant's employee created the path, but there was no testimony regarding whether there was any additional maintenance. Also, although plaintiff testified that the path was wet and muddy, she could not recall if there was snow or ice on it. Therefore, a triable question of fact exists as to whether the path constituted a dangerous condition (cf. Carter v State of New York, 119 AD3d 1198, 1201 [2014]; Bacon v Altamont Farms, 33 AD2d 708, 709 [1969], affd 27 NY2d 936 [1970]). As such, Supreme Court properly denied defendant's motion for summary judgment (see Malley v Alice Hyde Hosp. Assn., 297 AD2d at 425-426), and this same issue of fact also precludes summary judgment in favor of plaintiff. Even if the path constituted a dangerous condition, whether that dangerous condition caused the injury is an additional question of fact for the jury to determine. We have considered defendant's remaining arguments and find them to be lacking in merit.
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff partial summary judgment, and, as so modified, affirmed.



Footnotes

Footnote 1:We note that Supreme Court's decision references certain statements by Shongar about subsequent remedial measures that should not have been considered (see Greblewski v Strong Health MCO, LLC, 161 AD3d 1336, 1337 [2018]).