Herling v Callicoon Resort Lodges, Inc. (2023 NY Slip Op 01343)

Herling v Callicoon Resort Lodges, Inc.

2023 NY Slip Op 01343

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

535231
[*1]Russell Herling, Appellant,
v
Callicoon Resort Lodges, Inc., et al., Respondents.

Calendar Date:January 12, 2023

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and McShan, JJ.

Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Law Office of Brian Rayhill, Elmsford (Jeffrey T. Culkin of counsel), for Callicoon Resort Lodges, Inc. and another, respondents.
Drake Loeb PLLC, New Windsor (Brendan T. Fitzpatrick of Gerber Ciano Kelly Brady LLP, Garden City, of counsel), for Town of Delaware, respondent.

Egan Jr., J.
Appeals (1) from an order of the Supreme Court (Mark M. Meddaugh, J.), entered February 7, 2022 in Sullivan County, which granted defendants' motions for summary judgment dismissing the complaint, and (2) from a judgment of said court, entered March 2, 2022 in Sullivan County, which granted a motion by defendant Town of Delaware for costs.
In August 2016, plaintiff and his friend were staying at a resort operated by defendant Villa Roma Resort and Conference Center, Inc. for a weekend getaway. At about 8:00 p.m. on Saturday, August 27, 2016, the pair left the resort's hotel to have dinner at a restaurant near the resort's golf course. To reach the restaurant, they walked up Villa Roma Road, a two-lane public highway maintained by defendant Town of Delaware, but at some point left the pavement and began to walk up a grassy area adjoining the road. In doing so, they soon encountered a grated catch basin about four feet off of the road shoulder that opened onto a stone-lined ditch running about six inches below the lip of the grate. Plaintiff was allegedly injured when he walked onto the grate, slipped and fell down.
In August 2017, plaintiff commenced this personal injury action against, among others, Villa Roma and a related entity, defendant Callicoon Resort Lodges, Inc., (hereinafter collectively referred to as the resort defendants), as well as the Town, to recover for his alleged injuries.[FN1] Following joinder of issue and discovery, the Town moved for summary judgment dismissing the complaint and cross-claim against it. The resort defendants separately moved for summary judgment dismissing the complaint and cross-claim against them. In February 2022, Supreme Court issued an order in which it granted both motions and dismissed the complaint in its entirety. Plaintiff appeals from that order, as well as an ensuing judgment awarding costs to the Town.
We affirm. The fact that plaintiff fell and was purportedly injured does not render defendants liable; rather, he must "connect [his] injury to a breach of duty by defendant[s] and . . . show that defendant[s'] acts were 'a substantial cause of the events which produced the injury' " (Russell v Hepburn Hosp., 173 AD2d 985, 986-987 [3d Dept 1991], quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1981]; see Foley v Golub Corp., 252 AD2d 905, 908 [3d Dept 1998]). With regard to the issue of duty, the Town had "a nondelegable duty to maintain its roads and highways in a reasonably safe condition" (Lopes v Rostad, 45 NY2d 617, 623 [1978]; see Bottilico v State of New York, 59 NY2d 302, 305 [1983]; Sherman v County of Cortland, 18 AD3d 908, 910 [3d Dept 2005], lv denied 5 NY3d 713 [2005]), but that duty did not extend to protecting travelers from nearby "utility poles, drainage ditches, culverts, trees and shrubbery" where travel was "neither contemplated nor foreseeable" (Tomassi v Town of Union, 46 NY2d 91, 97 [1978]). The resort defendants had a similar "duty to exercise reasonable care [*2]under the circumstances in maintaining [the surrounding] property in a safe condition" (Kush v City of Buffalo, 59 NY2d 26, 29 [1983]; Kirby v Summitville Fire Dist., 152 AD3d 926, 927 [3d Dept 2017]), with "[t]he existence and scope of [that] duty . . . [being] a legal question for the courts to determine by analyzing the relationship of the parties, whether the plaintiff was within the zone of foreseeable harm, and whether the accident was within the reasonably foreseeable risks" (Powers v 31 E 31 LLC, 24 NY3d 84, 94 [2014]; see Parke v Dollar Tree, Inc., 155 AD3d 1489, 1490 [3d Dept 2017]). The duty of both the Town and the resort defendants "is measured in terms of foreseeability," in other words, and foreseeability "may only be determined as a matter of law where 'a single inference can be drawn from the undisputed facts' " (Prusky v McCarty, 126 AD3d 1171, 1171 [3d Dept 2015], quoting Perrelli v Orlow, 273 AD2d 533, 534 [3d Dept 2000]; see Tomassi v Town of Union, 46 NY2d at 97; Kirby v Summitville Fire Dist., 152 AD3d at 927).
The record here is devoid of proof to suggest that pedestrians regularly walked over the grated catch basin toward the drainage ditch or that either the Town or the resort defendants had reason to believe that they would do so. To the contrary, the Town's highway superintendent averred that the drainage ditch was "not a pedestrian walkway and was never intended to be," while a professional engineer retained by the Town opined that the grate and ditch were part of the road's drainage system and "not intended to be walked on," particularly since "[a] reasonably safe walkway was available to" pedestrians four feet away on the road's shoulder. The resort defendants, in turn, offered the deposition testimony of Villa Roma's vice president, who stated that pedestrians had no need to traverse that area and that Villa Roma had received no prior complaints about either the grate or accidents involving it. The resort defendants further offered the affidavit of a safety consultant who opined that the grate and ditch were located off the road and posed no threat to pedestrians, as well as that a "drainage ditch is not a public walkway or a means of egress" and that it would have been "virtually impossible" for plaintiff or any other pedestrian to miss seeing the grate or the rocky ditch beyond it.[FN2] This proof was sufficient to establish that defendants lacked "actual or constructive notice that [resort] guests were using the" grate and ditch "as a path or walkway" (Kirby v Summitville Fire Dist., 152 AD3d at 928; see Pusey v Stark, 166 AD3d 918, 919 [2d Dept 2018]; Hendricks v Lee's Family, Inc., 301 AD2d 1013, 1013-1014 [3d Dept 2003]).
Plaintiff, in response, stated that he elected to leave the road because he wanted to avoid speeding or swerving vehicles and that he saw other resort guests "scattered about" on the road, shoulder and adjacent grass. He further proffered the affidavit of a professional engineer who stated, in [*3]conclusory fashion, that the accident occurred "in a pedestrian area" because the grate was on the resort grounds and adjacent to the road and driveway. Although we view this proof in the light most favorable to plaintiff as the nonmoving party (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), it does not suggest that pedestrians regularly used the grate and ditch as a pathway or that any defendant should have been aware of that use. Thus, as the evidence established, as a matter of law, that plaintiff's travel over the grate and into the ditch "on the night in question was not reasonably foreseeable," and plaintiff failed to raise a question of fact in response, the motions for summary judgment by the Town and the resort defendants were properly granted (Kirby v Summitville Fire Dist., 152 AD3d at 928; see Pusey v Stark, 166 AD3d at 919; Elwood v Alpha Sigma Phi Iota Ch. of Alpha Sigma Phi Fraternity, Inc., 62 AD3d 1074, 1076-1077 [3d Dept 2009], lv denied 13 NY3d 711 [2009]; Baczowski v Zurn, 235 AD2d 894, 895 [3d Dept 1997]).
Plaintiff's remaining arguments, as well as the alternative grounds for affirmance cited by defendants, are academic in view of the foregoing.
Garry, P.J., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the order and the judgment are affirmed, without costs.

Footnotes

Footnote 1: Plaintiff also asserted a claim against the County of Sullivan, which he discontinued in 2020.

Footnote 2: There is considerable dispute in the record as to how well lit the area was at the time of plaintiff's accident, with plaintiff indicating that he either did not see or did not remember seeing the grate, the large rock placed immediately next to it or the smaller rocks in the ditch beyond it before his fall. Accepting that this off-road area was so dark that anyone walking there could not see the ground, however, it is difficult to perceive how either the Town or the resort defendants could have reasonably foreseen that it would regularly be used for that purpose.